**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CIVIL DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| **KATHLEEN DIANE JOHNSON** | : | **CASE NO:   2:23-CV-0885** |
| | : | |
| **Plaintiff** | : | **JUDGE WATSON** |
| | : | **MAGISTRATE JUDGE VASCURA** |
| vs. | : | |
| | : | |
| **DONNIE DAY, ET AL** | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS, BELLEFONTAINE MUNICIPAL COURT JUDGE ANN BECK
AND THE CITY OF BELLEFONTAINE'S COMBINED REPLY MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS (DOC. 18)
&
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS
(DOC. 22)**

**MEMORANDUM**

Defendants, Bellefontaine Municipal Court Judge Ann Beck and the City of Bellefontaine move this Court for an order dismissing all claims against them plead in the Complaint with prejudice under Civ.R. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim.  Plaintiff, Kathleen Diane Johnson, opposes the motion through a Memorandum in Opposition (Doc 21) and through a one-line Motion to Dismiss (Doc 22).  The following Reply Memorandum supports dismissal of Plaintiff's Complaint against Bellefontaine Municipal Court Judge Ann Beck and the City of Bellefontaine and opposes Plaintiff's motion to dismiss same.

I. **COMPLAINT ALLEGATIONS**

A. **Factual Allegations**

The factual allegations are set forth in the Motion to Dismiss.  Johnson takes issue with her Complaint and its attachments being argued in the context of a Motion to Dismiss.  Each allegation

relevant to the instant Motion to Dismiss is cited to the record. Johnson admits she drove again after the traffic stop, without an Ohio Driver's License, in her Memorandum in Opposition. Doc 21, Page ID 125.

Johnson admits Judge Beck only takes official judicial action here (Doc 21, Page ID 124-125.), which means as a matter of law the Municipal Court and Judge Beck are entitled to an order dismissing all claims with prejudice for all reasons argued in the Motion to Dismiss. Otherwise, Johnson argues Judge Beck is a revenue generator and failed to uphold her oath of office, two points of no factual or legal consequence. Doc 21, Page ID 119-121. Two points which do not defeat the arguments for dismissal on behalf of the Municipal Court and Judge Beck.

Johnson asks the Court to hold Mayor Stahler accountable for purported constitutional violations committed by Judge Beck. Doc 21, Page ID 125. This argument is not grounded in accepted and controlling law. Mayor Stahler is not a named party in his official or individual capacity and even if he were to be, he is not responsible for overseeing the Municipal Court or Judge Beck. Johnson's point does not defeat the arguments for dismissal on behalf of the City.

### B. Alleged Claims & Legal Analysis

Johnson does not discuss, in particular, her two count Complaint alleging claims for what she labels "deprivation of rights under color of law" as Count One (*Id.* ¶ 53-56) and "Assault, Abduction and Battery" as Count Two (*Id.* 57-61).

Johnson does not refute that her Complaint fails to identify any particular right secured under the federal or state constitution as being violated. *Id.* ¶ 52, 55; see also ¶ 1 (Complaint described as for "assault and battery" only), ¶ 3 (Complaint described as a "42 U.S.C. § 1983 deprivation of rights suit," identifying no specific, secured right). In her Memorandum in Opposition, she mentions the Fourth and Fifth Amendments with no analysis and the Supremacy

Clause. Doc 21, Page ID 121. The Supremacy Clause is argued to bar immunity, a point which is not legally accepted. *Id.* She argues a municipality cannot be immune from federal civil rights claims. Doc 21, Page ID 117-118. The City of Bellefontaine does not argue federal immunity as a bar to federal claims.

Lastly, and likely most important to Johnson, she argues she has a constitutional right to drive without a license in the State of Ohio. She does not challenge the constitutionality of any of Ohio's criminal code, and even if she did, her point is not accepted as a matter of law. Ohio law makes clear operating a motor vehicle is not a constitutionally guaranteed right. *State v. Gustafson* (1996), 76 Ohio St. 3d 425, 446, 668 N.E.2d 435 (Douglas, J. concurring); *Maumee v. Gabriel* (1988), 35 Ohio St. 3d 60, 62-63, 518 N.E.2d 558. The State of Ohio may regulate the privilege (not constitutional right) to drive a motor vehicle. *Doyle v. Ohio Bur. of Motor Vehicles* (1990), 51 Ohio St. 3d 46, 51, 554 N.E.2d 97 and fn. 6. See also, *State v. Mattingly*, 9th Dist. Wayne C.A. NO. 98CA0035, 1999 Ohio App. LEXIS 5539, at *5-6 (Nov. 24, 1999). Requiring a driver's license does not violate one's right to travel. *State v. Downs*, 7th Dist. Carroll CASE NO. 733, 2001-Ohio-3370 at ("The Ohio Supreme Court has repeatedly held driving is a privilege, not a right. *State v. Gustafson* (1996), 76 Ohio St. 3d 425, 446, 668 N.E.2d 435 (Douglas, J. concurring); *Doyle v. Ohio Bureau of Motor Vehicles* (1990), 51 Ohio St. 3d 46, 52, 554 N.E.2d 97; *City of Maumee v. Gabriel* (1988), 35 Ohio St. 3d 60, 63, 518 N.E.2d 558; *State v. Tanner*(1984), 15 Ohio St. 3d 1, 5, 472 N.E.2d 689.").

**II.    CONCLUSION**

No claim against Judge Beck, the Municipal Court, or the City of Bellefontaine (or now its Mayor) is plead in the Complaint to vest the Court with subject matter jurisdiction or that pleads

an actionable claim.  An Order dismissing all claims against these Defendants alleged in Johnson's Complaint, and an Order overruling John's Motion to Dismiss, is respectfully requested.

>Respectfully submitted
>
>s/ Lynnette Dinkler
>Lynnette Dinkler (0065455)
>lynnette@dinkler-law.com
>Lead Trial Counsel
>DINKLER LAW OFFICE, LLC
>174 Lookout Drive
>Dayton, OH 45419
>(937) 426-4200	(866) 831-0904
>*Attorney for Defendants Morgan Styles, Ann Beck and City of Bellefontaine (Mayor Ben Stahler)*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2023, I served the foregoing, via Regular U.S. Mail, postage prepaid, upon the Plaintiff at the address below, and upon all other counsel of record via the Court's electronic filing system.

| | |
|---|---|
| Kathleen Diane Johnson<br>c/o 5191 State Route 47 East<br>Bellefontaine, Ohio 43311<br>*Pro Se Plaintiff* | Daniel T. Downey<br>ddowney@fisheldowney.com<br>Helen K. Sudhoff<br>hsudhoff@fisheldowney.com<br>Fishel, Downey, Albrecht & Riepenhoff LLP<br>775 Walton Parkway, Suite 200<br>New Albany, OH 43054<br>*Attorney for Defendants Donnie Day, Cole Piatt, Marla Stockton and Logan County Sheriff (Randall Dodds)* |

>s/ Lynnette Dinkler
>Lynnette Dinkler (0065455)