**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kathleen Diane Johnson, | : | Case No. 2:23-cv-0885 |
| Plaintiff, | : | Judge Watson |
| v. | : | Magistrate Judge Vascura |
| Donnie Day, et al., | : | |
| Defendants. | : | |

---

**REPLY IN SUPPORT OF LOGAN COUNTY DEFENDANTS' MOTION FOR**
**SUMMARY JUDGMENT**

---

For reasons set forth below and in Defendants' Motion, Defendants Sergeant Donnie Day, Deputy Cole Piatt, Officer Marla Stockton, and Sheriff Randall Dodds, assert that summary judgment in their favor is proper on all Plaintiff's claims. Despite Plaintiff's best efforts, all she offers in response to Defendants' Motion for Summary Judgment is conclusory statements and speculation. There is no genuine dispute of material facts. Defendants are entitled to immunity and summary judgment on each of Plaintiff's claims.

**I.    Plaintiff's Response In Opposition Fails To Provide Evidence Of A Dispute Of Material Fact Sufficient To Survive Summary Judgment In Favor Of Defendants.**

Plaintiff cannot survive summary judgment because she fails to meet her burden of identifying "facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) citing Fed. R. Civ. P. 56(e). While courts are typically required to draw all reasonable inferences in favor of the non-moving party, reasonable inferences must be drawn only "to the extent supportable by the record." *Scott v. Harris*, 550 U.S. 372, 381, n. 8 (2007). The record in this case speaks for itself, revealing both the absence of a "genuine dispute as to any

1

material fact" and that Defendants are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment is insufficient to defeat summary judgment. There is "no genuine dispute" adequately established by Plaintiff as to a material fact, and case law confirms that Defendants are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Defendants met their burden under Fed. R. Civ. P. 56(a), shifting the burden to Plaintiff to "set forth specific facts showing that there is a genuine issue for trial." *Good v. FFCC Columbus, Inc.*, No. 2:14-cv-508, 2015 U.S. Dist. LEXIS 179838, *5 (S.D. Ohio Aug. 17, 2015), citing *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995. Despite the burden shifting to Plaintiff to set forth specific facts, supported by record evidence, showing the existence of an issue needing to be litigated, Plaintiff uncovers insufficient evidence on which a jury could reasonably find for her. See *Anderson* 477 U.S. at 251-52; *Slusher v. Carson*, 540 F.3d 449, 453 (6th Cir. 2008 (affirming summary judgment to defendants because plaintiff presented no facts that would allow a jury to find unconstitutional conduct. Because no reasonable jury "could find by a *preponderance of evidence* that the plaintiff is entitled to a verdict" on any of her claims, this Court should grant Defendants' Motion for Summary Judgment in its entirety. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 581-82 (6th Cir. 1992 (emphasis in original).

"The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. There must instead be "*sufficient evidence* favoring" Plaintiff. *Id.* at 249 (emphasis added); see also *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475-76 (6th Cir. 2010 (affirming grant of summary judgment). Here, Plaintiff identifies evidence that is only "colorable" and "not significantly probative"; therefore, summary judgment in favor of Defendants on each of Plaintiff's claims is appropriate. *Id.*

2

"In ruling upon a Rule 56 motion, 'a District Court must resolve any factual issues of controversy in favor of the non-moving party' only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990). "Rule 56(e) provides that judgment 'shall be entered' against the nonmoving party unless affidavits or other evidence "set forth specific facts showing that there is a genuine issue for trial." *Id.* "[C]onclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment." *Jones v. City of Franklin*, 677 Fed. Appx. 279, 282 (6th Cir. 2017).

"[T]o withstand a properly supported motion for summary judgment, plaintiff must do more than rely merely on the allegations of her pleadings or identify a 'metaphysical doubt' or hypothetical 'plausibility' based on a lack of evidence; she is obliged to come forward with 'specific facts,' based on 'discovery and disclosure materials on file, and any affidavits,' showing that there is a genuine issue for trial." *Chappell v. City of Cleveland*, 585 F.3d 901, 912 (6th Cir. 2009). Here, Plaintiff does not "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Moore v. Phillip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993).

### A. Plaintiff Misstates the Record in an Attempt to Create a Genuine Issue of Material Fact.

Plaintiff attempts to create issues of fact through misstatements of the record and speculation. Regardless of Plaintiff's inferences and misstatements of the record, the material facts in this matter remain undisputed. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of facts for purposes of ruling on a motion for summary judgment." *Scott v.*

*Harris*, 550 U.S. 372, 308 (2007) Plaintiff has mischaracterized and misrepresented the deposition testimony of Sergeant Day, Officer Styles and Sheriff Dodds, video evidence of the entire traffic stop, unauthenticated and inadmissible photographs, discovery communications between the parties, and completely misstates the traffic infraction for which she was charged. Defendants will address these many misrepresentations in Plaintiff's facts throughout Defendants' argument below as they are not supported by the testimony, documentary evidence, or available video recordings.

In her Response in Opposition, Plaintiff claims that Sergeant Day and Officer Styles testified inconclusively that they observed Plaintiff stop at the stop sign. That is categorically false. Both Sergeant Day and Officer Styles, stated unequivocally, on more than one occasion, that they could see Plaintiff fail to stop at the stop sign, and continue through the intersection. (Day Dep., Doc. 68 PageID #356, Styles Dep. Doc. 73, PageID #635, 639-40, Dash Cam 1 at 00:06-00:10). Plaintiff, instead, relies on her confusing line of questioning regarding photographs that she allegedly took almost a year later of the intersection, which were never authenticated or made part of the record of this case. (Day Dep. Doc. 68 PageID #335-342). These photographs were shown to Sergeant Day during his depositions, however, they were not authenticated nor marked as an exhibit and were subject to objections by both defense counsel for lack of foundation. *See id* at PageID #342, 365). Plaintiff cannot rely on these photographs to create a genuine issue of material fact, which does not exist.

Furthermore, Plaintiff also mischaracterized the dash camera footage and the related deposition testimony of Sergeant Day and Officer Styles. As the Court can observe on its own accord, Plaintiff's failure to stop is clearly visible on the dash camera footage. (Dash Cam 1 at 00:00-00:10). Plaintiff attempts to claim that Sergeant Day testified that he could not see the stop

sign on the night of April 5, 2022. This is false and inconsistent with the record of this case. During Sergeant Day's deposition, Plaintiff attempted to show a sped-up portion of the dash camera footage and use freeze frame images of the video which were unclear and blurry. (Day Dep. Doc. 68 PageID #333-335). Sergeant Day attempted to clarify and answer Plaintiff's confusing questions earnestly, but because Plaintiff's images were not clear, he was unable to identify what Plaintiff was requesting. *Id*. It is clear in the dash camera footage, which was provided to the Court, that Sergeant Day and Officer Styles had a clear view of Plaintiff's failure to stop. Plaintiff's assertion that "it was his dash cam video and therefore was showing exactly what he saw that night" is baseless, incorrect, and does not create a genuine issue of material fact.

Additionally, Plaintiff contradicts herself in her own Response, and mischaracterizes email communications between herself and previous defense counsel. On the second page of Plaintiff's Response, she clearly states that the videos submitted to the Court were provided by Plaintiff to all Defendants. (Resp. Doc. 78, PageID #694). These dash camera videos were provided to Defendants in October 2024. (Pl. Dep. Doc 69, PageID #402). The video submitted to the Court clearly shows Plaintiff's failure to stop. Plaintiff's use of misleading email correspondence does not create a genuine issue of material fact either. In the emails Plaintiff attached as exhibits 02182 and 02183, Attorney Helen Sudhoff explained to Plaintiff that the dash camera footage retained by the LCSO was of Plaintiff's transport to the Logan County Jail. Plaintiff, as stated in her Response and deposition, provided the forward-facing dash camera footage to Defendants. *See id.* Plaintiff intentionally misconstrues and misrepresents Attorney Sudhoff's statement regarding the dash camera video. Plaintiff knows that the dash camera footage of her failure to stop exists, and her impertinent and bold face lie to the Court that it does not exist cannot be construed as a genuine issue of fact for this Court to consider.

Plaintiff further conflates and intentionally misstates the traffic infraction that she was charged with, in an attempt to create an issue of fact relating to the observations of Sergeant Day and Officer Styles. As the record reflects, Plaintiff was charged with four separate offenses on the night of April 5, 2022. None of these charges were brought under R.C. § 4511.43, as Plaintiff cites to in her Response. In relation to her failure to stop, Plaintiff was charged under R.C. § 4511.12: Obedience to Traffic Control Devices. (Doc. 1.1, PageID #11). The charged offense is clearly stated, on Plaintiff's own exhibit, but she instead, in both depositions and her Response, mischaracterized the actual traffic infraction that she committed, and attempted to conflate and confuse the issues at hand in this case. Plaintiff's reliance on this incorrect code section as a tool to create a genuine issue of fact relating to a stop bar and inadmissible photographs should be quickly disregarded and summary judgment should be granted as to all Defendants.

## II.   Defendants Are Entitled To Summary Judgment On Plaintiff's Abandoned Claims.

This Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment. See *Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011) (holding that a district court properly declines to consider the merits of a claim when a plaintiff fails to address it in a response to a motion for summary judgment); *Clark v. City of Dublin*, 178 F. App'x 522, 524-25 (6th Cir. 2006) (recognizing that the failure to respond properly to motion for summary judgment arguments constitutes abandonment of a claim); C*onner v. Hardee's Food Sys.*, 65 F. App'x 19, 24-25 (6th Cir. 2003); see also *Colston v. Cleveland Pub. Library*, No. 1:12-CV-204, 2012 U.S. Dist. LEXIS 113527, 2012 WL 3309663, at *2 n.2 (N.D. Ohio Aug. 13, 2013) (deeming a claim abandoned and granting summary judgment when a plaintiff "did not respond or even mention [the] claim in her opposition to Defendants' motions for summary judgment"). *Brown v. VHS of Michigan, Inc.*, 545 F.App'x 368, 372 (6th Cir.2013.) Plaintiff has abandoned several of

her claims either explicitly or implicitly through a failure to address her claims in response to Defendants' Motion for Summary Judgment.

As stated previously in the Logan County Defendants' Motion for Summary Judgment, Plaintiff failed to allege any specific, cognizable claims against any Defendant under § 1983. These Defendants, in an attempt to ascertain under which constitutional amendments Plaintiff brought her claims and for the convenience of the Court, broke down Plaintiff's potential claims in their brief. (Logan Cty Defs. MSJ, Doc. 76, *passim*). Plaintiff did not respond or even mention any of these claims in her Response. In fact, Plaintiff continued to hide the ball in her Response and went so far as to state that Defendants' Motion is untimely and "even if they had filed a motion for summary judgment early on as the Supreme Court prefers, they would still have known why they were being sued." It is clear from this statement alone that Plaintiff misunderstands the local rules and procedures associated with dispositive motions, as well as the Federal Rules of Civil Procedure and the Court's Case Schedule. (See Order, Doc. 54, PageID #230).

In their Motion, these Defendants asserted arguments against liability under the Fourth, Eighth, and Fourteenth Amendments, relating to unlawful search and seizure, excessive force, supervisor liability, *Monell* liability, and various state law claims of assault, battery, intentional infliction of emotional distress, and "abduction." (Logan Cty Defs. MSJ, Doc. 76, *passim*). Plaintiff does not mention or respond to these arguments at all in her Response. Plaintiff, at no point, mentions or makes any argument relating to claims lodged against Officer Piatt, Officer Stockton, or Sheriff Dodds. Bare, conclusory statements and conjecture regarding the actions of Officer Piatt, Officer Stockton, and Sheriff Dodds are not enough to establish argument or response to Defendants' Motion, and all claims alleged against these Defendants have been abandoned. For

the reasons stated in Defendants' Motion for Summary Judgment and because of Plaintiff's

abandonment, Defendants are entitled to Summary Judgment on all the aforementioned claims.

## III. Plaintiff Cannot Survive Summary Judgment on Any Fourth Amendment Claim.

At most, Plaintiff only attempts to mischaracterize the factual record to bolster a Fourth

Amendment claim for unlawful seizure against Sergeant Day and Officer Styles. However, even

construing Plaintiff's arguments regarding a Fourth Amendment violation liberally, she cannot

establish any unconstitutional conduct or any behavior requiring the denial of qualified immunity.

Plaintiff cannot succeed on any of her claims made under 42 U.S.C. §1983. "Once the qualified

immunity defense is raised, the burden is on the plaintiff to demonstrate that the officials are not

entitled to qualified immunity." *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006);

see also *Smoak v. Hall*, 460 F.3d 768, 778 (6th Cir. 2006).

Sergeant Day's conduct did not violate the constitutional rights of Plaintiff. Furthermore,

Plaintiff has failed to identify any controlling case law from the Sixth Circuit or the Supreme Court

that would support a finding that the Defendants were on notice that their conduct would violate

Plaintiff's Fourth Amendment rights. While Plaintiff is not required to find a case that is "on all

fours" with the facts of this case or a "prior, precise situation" to overcome qualified immunity,

Plaintiff must "generally identify a case with a fact pattern similar enough to given fair and clear

warning to officers about what the law requires." *Guertin v. State*, 912 F3d. 907, 932 (6th Cir.

2019) Plaintiff does not meet her burden; thus, the Defendants remain protected from liability.

The Sixth Circuit views "the defense of qualified immunity" as "a threshold question."

*Skousen v. Brighton High Sch.*, 305 F.3d 520, 522 (6th Cir. 2002). The question can easily be

resolved in the Logan County Defendants' favor given that none of the cases cited by Plaintiff are

particularized to the facts of this case. *Korthals v. Cty. of Huron*, 797 F. App'x 967, 973 (6th Cir.

2020); see also *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997); *Smith v. Pike Cty.*, 338 F.

App'x 481, 481 (6th Cir. 2009). Plaintiff has not identified any "existing precedent that squarely governs the specific facts and circumstances"; therefore, qualified immunity should be granted. *Cunningham v. Shelby Cty.*, 994 F.3d 761, 766 (6th Cir. 2021); see also *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

Plaintiff fails to overcome the defense of qualified immunity, necessitating the dismissal of any potential unreasonable search and seizure claim brought pursuant to 42 U.S.C. § 1983. Plaintiff relies on case law relating to pretextual stop and frisks and unlawful arrests due to officers breaking into people's homes. (Resp. Doc. 78, PageID #697, 699). Plaintiff also conflates the reason for her traffic stop and seemingly asserts that Sergeant Day and Officer Styles initiated a traffic stop to seek her identification. (Resp. Doc. 78, PageID #696). That is false and not substantiated by this record. The evidence provided to this Court is clear. Sergeant Day and Officer Styles were conducting road patrol on the evening of April 5, 2022 and clearly observed Plaintiff fail to stop at the stop sign. (Day Dep., Doc. 68 PageID #356, Styles Dep. Doc. 73, PageID #635, 639-40, Dash Cam 1 at 00:06-00:10). As stated in Defendants' Motion, "a police officer may stop a motorist when he possesses probable cause of a civil infraction or has reasonable suspicion of criminal activity." *United States v. Pacheco*, 841 F.3d 384, 390 (6th Cir. 2016). Sergeant Day had clear probable cause to initiate a traffic stop. Sergeant Day also observed Plaintiff's fictitious license plates and Plaintiff refused to provide her driver's license, which Plaintiff later revealed to be revoked by her own choosing. (Styles Dep. Doc. 73, PageID #640-41, Day Dep., Doc. 68, PageID #343, 361, Pl. Dep. Doc. 69, PageID # 393). Plaintiff further admitted during her deposition that she was operating a motor vehicle on April 5, 2022 without a valid driver's license, and her vehicle displayed fictitious license plates that she ordered off of an anti-government website. (Pl. Dep., Doc. 69, PageID # 386, 393). Based on the litany of Plaintiff's illegal conduct

9

described above, Defendants did not commit any constitutional violations against Plaintiff, and are therefore entitled to summary judgment on any potential unlawful search and seizure claim.

Additionally, Defendants are entitled to qualified immunity on any excessive force claim potentially brought under the Fourth Amendment arising from Plaintiff's removal from her vehicle. As previously stated in the Logan County Defendants' Motion and can clearly be seen on Sergeant Day's dash camera video, Sergeant Day did not engage in any use of force, let alone excessive force against Plaintiff. (Day Dep. Doc. 68, PageID # 354, Dash Cam 1, 09:30-09:40). Importantly, Plaintiff's Memorandum in Opposition offers no evidence to the contrary. (*See generally* Pl. Resp. Doc. 78). Plaintiff makes broad, inflammatory statements relating to Sergeant Day taking hold of her arm and removing her from the car. However, the record of this case and the dash camera footage clearly shows that Plaintiff's recitation of the facts is false. Plaintiff's self-serving statements, unsupported by any evidence in the factual record, are insufficient to survive summary judgment. *See Marcum v. Scioto Cnty.*, 2014 U.S. Dist. LEXIS 112100, at *31 (S.D. Ohio Aug. 13, 2014) (citing *Sperle v. Mich. Dept. of Corrections*, 297 F.3d 483, 495 (6th Cir. 2002)). Any claim of excessive force against any Logan County Defendant necessarily fails as a matter of law.

Finally, any potential claim of false arrest also fails. As stated previously in Defendants' Motion and repeatedly above, Sergeant Day had probable cause to arrest Plaintiff for a myriad of criminal infractions. Specifically, Sergeant Day informed Plaintiff that she was being placed under arrest for failing to identify herself and driving without a valid license. (Dash Cam 1, 09:15). An arrest is supported by the requisite probable cause when, at the time of that arrest, "the facts and circumstances within [the officer's] knowledge and of which [she] had reasonably trustworthy information [are] sufficient to warrant a prudent man in believing that the [plaintiff] had committed

or was committing an offense." *Tlapanco v. Elges*, 969 F.3d 638, 652 (6ᵗʰ Cir. 2020), quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964). A showing of "probable cause provides a complete defense to a claim of false arrest." *Id.*, quoting *Halasah v. City of Kirtland*, 574 F. App'x 624, 629 (6th Cir. 2014). Regardless of Plaintiff's self-serving statements to the contrary, Sergeant Day had probable cause to arrest Plaintiff and is entitled to summary judgment and qualified immunity.

## IV. Plaintiff Cannot Survive Summary Judgment on any Supervisory Liability Claim Against Sheriff Dodds.

To the extent that the Court believes Plaintiff made and subsequently responded to a claim for supervisory liability against Sheriff Dodds, it fails as a matter of law. Summary judgment must be entered in favor of Sheriff Dodds because there is no evidence of "active unconstitutional behavior" by him or any of his subordinates. *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004); *see also Leach v. Shelby Cty Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Sherrod v. Williams*, No. 3:14-cv-454, 2019 U.S. Dist. LEXIS 8915, *19 (S.D. Ohio Jan. 15, 2019). "The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act." *Summers*, 368 F.3d at 888; *see also Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012); *Hays v. Jefferson*, 668 F.2d 869, 872 (6th Cir. 1982). Plaintiff cannot even "establish that a subordinate engaged in unconstitutional conduct," providing an additional reason why Plaintiff's "attempt to impose supervisory liability must fail." *Young v. Campbell Cty.*, 846 F. App'x 314, 324 (6th Cir. 2021). Plaintiff did not bring a valid claim against Sheriff Dodds, and there is no evidence on this record that supports the contention that Sheriff Dodds or his subordinates violated Plaintiff's constitutional rights. Defendants are therefore entitled to summary judgment as a matter of law.

V.     **Summary judgment is Appropriate Because Plaintiff Still Does Not Demonstrate State Law Liability.**

To the extent this Court determines Plaintiff has not abandoned her state law claims as Defendants argue in Section II, Ohio law shields defendants from liability. As reflected in the discussion above and in Defendants' Motion, Plaintiff can point to no evidence that would support a finding that any Logan County Defendant acted with the requisite culpability under R.C. 2744.03(A)(6)(b). The Logan County Defendants acted within their official duties, in good faith and with probable cause. Accordingly, Defendants are entitled to immunity and summary judgment on each of Plaintiff's state law claims.

VI.    **Conclusion**

For the forgoing reasons, as well as those set forth in Defendants' Motion for Summary Judgment, the Logan County Defendants respectfully request that this Court grant Defendants' Motion for Summary Judgment in its entirety.

Respectfully submitted,

/s/ Makenzie E. McAfee
Daniel T. Downey (0063753)
Makenzie E. McAfee (0102798)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLC**
7775 Walton Parkway, Suite 200
New Albany, OH 43054
(614) 221-1216 – Telephone
(614) 221-8769 – Facsimile
ddowney@fisheldowney.com
mmcafee@fisheldowney.com
*Counsel for Defendants Sergeant Donnie Day,*
*Officer Marla Stockton, Officer Cole Piatt and*
*Sheriff Randall Dodds*

## <u>CERTIFICATE OF SERVICE</u>

This certifies that the foregoing was filed electronically this 4th day of March 2025. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system, as certified by the Court's Certificate of Service generated upon filing.

/s/ Makenzie E. McAfee
Makenzie E. McAfee (0102798)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLC**
*Counsel for Defendants Sergeant Donnie Day,*
*Officer Marla Stockton, Officer Cole Piatt and*
*Sheriff Randall Dodds*