IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kathleen Diane Johnson, | : | Case No. 2:23-cv-0885 |
| | : | |
| Plaintiff, | : | Judge Michael H. Watson |
| | : | |
| -v- | : | Mag. Judge Chelsey M. Vascura |
| | : | |
| Donnie Day, *et al.,* | : | **DEFENDANT MORGAN STYLES** |
| | : | **REPLY IN SUPPORT FOR HIS** |
| Defendants. | : | **MOTION FOR SUMMARY** |
| | | **JUDGMENT.** |

Now comes Officer Morgan Styles, by and through counsel, Reminger Co., L.P.A., and hereby submits this Reply in Support for his Motion for Summary Judgment.

**I.  INTRODUCTION**

In his Motion for Summary Judgment, Defendant, Officer Morgan Styles, set forth authoritative law and argument establishing he is entitled to summary judgment on all of Plaintiff's claims. *See* Defendant's Motion for Summary Judgment. Specifically, (1) Plaintiff's failure to stop at a stop sign, as captured on dash camera footage, provided Officer Styles with probable cause to conduct a traffic stop; (2) Plaintiff's repeated refusal to provide identification and her use of fictitious license plates justified her arrest; and (3) Plaintiff's claims of unlawful search, and false arrest lacked factual and legal support. Accordingly, each of Plaintiff's claims fail as a matter of law.

In her Opposition, Plaintiff argues that: (1) she did, in fact, stop at the stop sign, and Defendant lacked probable cause for the traffic stop; (2) her refusal to provide a driver's license did not justify her arrest; and (3) the search and impoundment of her vehicle were unconstitutional.

As is more fully set forth below, all of Plaintiff's arguments are based on either (1) unsupported factual allegations and/or misrepresentations or (2) misinterpretations of Ohio law and, in some cases, both. As such, Plaintiff has failed to present sufficient evidence to create a question of fact and overcome Officer Styles' Motion for Summary Judgment.

## II. LAW AND ARGUMENT

Under Fed. R. Civ. P. 56(c), the moving party bears the initial burden of setting forth the bases that entitle it to judgment and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 332 (1986). The moving party may discharge this burden presenting a lack of evidence to support the nonmoving party's case. *Id.* at 325. The burden then shifts to the nonmoving party to set forth evidence demonstrating a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Plaintiff has failed to meet her burden of demonstrating the existence of a genuine issue of material fact, as she has not presented any admissible evidence to support her claims, relying solely on unsubstantiated allegations. Because Plaintiff has not satisfied this threshold, Summary judgment to Defendants is appropriate.

### A. PLAINTIFF'S FACTUAL ASSERTIONS ARE CONTRADICTED BY THE RECORD

Plaintiff asserts she stopped prior to the stop sign and that Defendant Styles could not have observed otherwise; however, this claim is directly contradicted by dash camera footage, which clearly demonstrates Plaintiff's failure to come to a complete stop. (*See* Dash Cam. 1, 21:00:38-39). The Supreme Court has consistently held that traffic stops based on observed violations of traffic laws are constitutionally valid. *See Whren v. United States*, 517 U.S. 806, 810 (1996). In light of the clear video evidence, any reasonable officer would have had probable cause to initiate the traffic stop.

Further, contrary to Plaintiff's assertions, the record reflects that she repeatedly refused to provide identification when requested by Officer Day. (*See* Dash Cam. 1, 21:03:58-21:04:18-21). Plaintiff argues that she provided sufficient identifying information through affidavits or documents in her possession. Still, her reliance on such materials is legally flawed, as Ohio law mandates that drivers present a valid driver's license upon request. R.C. 4507.35. Plaintiff's refusal to comply with this legal obligation justified her arrest and negates any claim of unlawful detention.

Plaintiff failed to acknowledge the substantial evidence provided by Defendants supporting the violation, and has not met her burden of producing evidence from which a reasonable jury could find in her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Accordingly, Plaintiff's claims fail as a matter of law, and Defendant is entitled to judgment in his favor.

B. **PLAINTIFF'S ARREST WAS LAWFUL**

    a. **PROBABLE CAUSE JUSTIFIED THE STOP AND ARREST**

Plaintiff asserts that Defendants generally lacked probable cause and had no lawful basis to pull her over. *See* Plaintiff's Brief in Opposition, p. 4. She further claims that all information gathered due to the "unconstitutional stop" should be deemed inadmissible. *Id.* at. 4-5. In support of this argument, Plaintiff invokes the Fourth Amendment, which protects individuals from unreasonable searches and seizures, stating that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . ."

However, Plaintiff's assertion overlooks the established legal standard for traffic stops. According to *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008), a routine traffic stop

3

constitutes a "seizure" under the Fourth Amendment. Thus, to effectuate such a stop, an officer must have probable cause to believe that a civil infraction occurred or reasonable suspicion of criminal activity. *United States v. Lyons*, 687 F.3d 754, 763 (6th Cir. 2012). Probable cause, as explained in *Blair,* is "a reasonable ground for belief supported by less than prima facie proof but more than mere suspicion." (524 F.3d at 748, citing *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006)).

The Supreme Court has consistently affirmed that "if an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). In the present case, Officers Day and Styles observed Plaintiff's vehicle fail to stop at a clearly marked stop sign, which provided probable cause to initiate the traffic stop.

Plaintiff also asserts that the officers did not have probable cause to request her identification during the stop, claiming she was not required to produce it. *See* Plaintiff's Brief in Opposition, p. 6. However, Dash Cam footage captures Officer Day asking Plaintiff to produce her driver's license or identify herself. Officer Day's request can be heard at least five times, and Plaintiff refused each time. (*See* Dash Cam. 1, 21:03:58-21:04:18-21). Contrary to Plaintiff's assertion, the officers' repeated requests for identification were lawful under the circumstances, as they had probable cause to believe a traffic violation had occurred.

### C. PLAINTIFF'S ARGUMENTS REGARDING UNLAWFUL SEARCH AND SEIZURE LACK MERIT

Plaintiff argues that the search of her vehicle and subsequent impoundment were unlawful because the initial stop was unconstitutional. *See* Plaintiff's Brief in Opposition, p. 5. However, the validity of the stop has been established. Once Plaintiff refused to provide identification and was found to be driving without a valid license and with fictitious plates, law enforcement had

4

ample justification to search and impound the vehicle. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) (where the Supreme Court held that the Fourth Amendment does not forbid a warrantless arrest for something as minor as a seat belt violation punishable only by a fine).

To support her argument, Plaintiff includes an extensive excerpt of legal text on page 5 of her brief regarding the Fourth Amendment and search and seizure. *See* Plaintiff's Brief in Opposition, p. 5. However, she fails to apply this authority to the specific facts of her case. While Plaintiff contends that the initial stop was unlawful because she had stopped at the stop sign, her evidence, including dashcam footage and deposition testimony, does not definitively establish this claim. Further, her argument that all subsequent evidence should be suppressed is misplaced, as the legal principles she relies on apply to significantly different factual circumstances. Without a well-developed legal analysis linking the cited authority to the facts, Plaintiff fails to present a coherent argument to support her position.

      **D.    QUALIFIED IMMUNITY BARS PLAINTIFFS CLAIM**

Each of these points reinforce the fact that Plaintiff has failed to demonstrate Officer Styles violated a clearly established constitutional right. The standard for overcoming qualified immunity requires that Plaintiff shows (1) a violation of a constitutional right and (2) that the right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Plaintiff cannot meet either prong. Officer Styles had probable cause for the stop and arrest, and Plaintiff has failed to identify any precedent showing his conduct was unlawful. As such, Styles is entitled to qualified immunity, given the well-established case law supporting probable cause-based stops and arrests.

Furthermore, Plaintiff's state law claims for assault and battery fail under Ohio's statutory immunity doctrine, as Officer Styles is entitled to immunity under Ohio Rev. Code §

2744.03(A)(6). Plaintiff offers no evidence of malice, bad faith, recklessness, or excessive force—requirements for overcoming this immunity. *Id*. Moreover, Ohio law expressly grants law enforcement officers the privilege to use reasonable force when effectuating an arrest, further barring Plaintiff's claims. *Alley v. Bettencourt*, 134 Ohio App.3d 303, 313, 730 N.E.2d 1067 (4th Dist. 1999); *see also Morrison v. Horseshoe Casino*, 2020-Ohio-4131 (8th Dist.); *McKee v. McCann*, 2017-Ohio-7181 (8th Dist.). In light of the foregoing, Plaintiff failed to establish a violation of a clearly established constitutional right, has not overcome the defense of qualified immunity, and her state law claims are barred by statutory immunity.

### III. CONCLUSION

For the foregoing reasons, as well as those more fully discussed in Defendant's Motion, Officer Styles respectfully requests this Honorable Court grant his Motion for Summary Judgment, thereby dismissing Plaintiff's claims in their entirety.

Respectfully submitted,

*/s/ Molly E. Davis*
Molly E. Davis (0097484)
Daniel L. Bey (0088453)
REMINGER CO., L.P.A.
One SeaGate, Suite 1600
Toledo OH 43604
(419) 254-1311 Phone
(419) 243-7830 Fax
medavis@reminger.com
dbey@reminger.com
*Counsel for Defendant Morgan Styles*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4 day of March, 2025, I served the foregoing, via ordinary U.S. and electronic mail, to the following:

Kathleen Diane Johnson
650 Ditney Ridge
Morehead, KY 40351
kathleendianejohnson@proton.me

*Pro Se Plaintiff*

I hereby certify that on the 4 day of March, 2025, I served the foregoing, via the Court's E-filing system and/or electronic mail, to the following:

Daniel T. Downey
ddowney@fisheldowney.com
Mackenzie E. McAfee
mmcafee@fisheldowney.com
Fishel, Downey, Albrecht & Riepenhoff LLP
775 Walton Parkway, Suite 200
New Albany, OH 43054

*Attorney for Defendants Donnie Day, Cole Piatt,
Marla Stockton and Logan County Sheriff
(Randall Dodds)*

                                    */s/ Molly E. Davis*
                                    Molly E. Davis (0097484)